IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

STEPHAN L. BURTON,

                Plaintiff,                    OPINION AND ORDER

    v.

                                      24-cv-429-wmc

STATE OF WISCONSIN,

                Defendant.

Plaintiff Stephan L. Burton, who represents himself, alleges that the State of Wisconsin violated his substantive due process rights by subjecting him to a criminal trial with unfair and "undue" procedures.  (Dkt. #1, at 2.)  Because plaintiff is a prisoner who seeks to proceed without prepayment of the entire filing fee, the next step is to screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. § 1915(e)(2)(B).  The court accepts plaintiff's allegations as true and construes them generously, holding his pro se complaint to a less stringent standard than one a lawyer drafts.  *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).  However, even under this lenient standard, plaintiff's complaint fails to state a claim upon which relief may be granted.

OPINION

It appears from the allegations in the complaint that Burton was a defendant in a criminal trial held in the Circuit Court of Dane County between September 11 and 13, 2018. Burton was convicted at that trial on two counts of second-degree sexual assault of an unconscious victim and three misdemeanors.  *See State v. Burton*, 2022 WI App 19, 974

N.W.2d 51.  Burton contends that the State of Wisconsin deprived him of his substantive due process rights by conducting that trial, which he speculates was held to "cause a miscarriage of justice" or subject him to "irreparable harm."  (Dkt. #1, at 2.)  He now seeks an "equitable remedy" of three trillion dollars.  (*Id.* at 4.)  However, the court cannot allow Burton to proceed on his claim for three, independent reasons.

*First*, the State of Wisconsin cannot be sued because it is entitled to immunity under the Eleventh Amendment.  *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). ("[F]ederal jurisdiction over suits against unconsenting States 'was not contemplated by the Constitution when establishing the judicial power of the United States.'" (citation omitted)). Moreover, a suit against a state "is barred regardless of whether it seeks damages or injunctive relief."  *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984) (citing *Cory v. White*, 457 U.S. 85, 91 (1982)).

*Second*, Burton's claim ultimately seeks to bring the validity of his state-court conviction into question.  However, Burton cannot bring a claim for damages if judgment in his favor would "necessarily imply the invalidity of his conviction or sentence."  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  In other words, to the extent that Burton is seeking damages premised on a wrongful conviction or sentence, he cannot proceed unless his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Id*.  Burton's petition for a writ of habeas corpus arising out of that conviction was denied in this court, *Burton v. Radtke*, No. 22-cv-688-wmc, 2023 WL 3309978 (W.D. Wis. April 4, 2023), and his further appeals were unsuccessful.  *See Burton v. Stevens*, No. 24-1005 (7th Cir. Jan. 12, 2024); *Burton v. Stevens*, No. 23-1853 (7th

Cir. Sept. 27, 2023).

*Third*, and finally, simply holding a criminal trial does not deprive Burton -- or any plaintiff -- of his substantive due process rights.  To allege a violation of those rights, Burton must identify conduct that "shocks the conscience" because it is "unjustifiable by any governmental interest."  *Remer v. Burlington Area Sch. Dist.*, 286 F.3d 1007, 1013 (7th Cir. 2002).  Burton's complaint fails to identify any conduct that could possibly shock the conscience, let alone be unjustified by any governmental interest.

There is no apparent basis for Burton to pursue a federal claim against the State of Wisconsin arising out of his criminal prosecution in 2018.  For this reason, the court is dismissing this action, without leave to amend, since any amended pleading would be futile.  *See Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("courts have broad discretion to deny leave to amend where . . . the amendment would be futile").

### ORDER

IT IS ORDERED that:

1) Plaintiff Stephan L. Burton's motion for leave to proceed *in forma pauperis* (dkt. #2) is DENIED.

2) Plaintiff's complaint (dkt. #1) is DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

3) The clerk of court is directed to enter judgment and send plaintiff copies of this order and the judgment.

Entered this 15th day of November, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3